No. 908

No. 19378—The State ex rel, City of Toledo, v. Charles F. Weiler et al. In Mandamus.

70. AMENDMENT—1. To 3941 GC. (111 OL. 338), to be interpreted by rule declared in 26 GC., under which, amendment does not apply to a pending proceeding.

2. When ordinance is adopted providing for issue of bonds, prior to such amendment, it is a "proceeding"; and amount of such bonds when added to existing city indebtedness, does not exceed limitations provided by 3941 GC.
MARSHALL, CJ.

1. The amendment to Section 3941, General Code, (111 OL. 338), which became effective July 20, 1925, must be interpreted by the rule declared in section 26 of the General Code, and when interpreted by that rule said amendment can have no application to a pending proceeding.

2. Where a city council adopts an ordinance providing for an issue of bonds and all necessary legislative acts are regular and complete prior to July 20, 1925, such ordinance is a "proceeding" and the amount of such bonds, when added to the net indebtedness of said city then existing does not exceed the limitations provided by section 3941, General Code, prior to such amendment, the executive agencies of such city government may be compelled by mandamus to perform all necessary ministerial acts to advertise, sell, execute and deliver such bonds.

Writ allowed.

---

| CODE NOTES |
| :---: |
| Statutes Considered, Cited, Etc. |

**Sec. 1465-60. EMPLOYERS.**

Failure to pay premium into state insurance fund, shall be liable for damages suffered for personal injuries sustained in course of employment. Such employer cannot avail himself of defense of fellow servant rule; defense of assumption of risk or contributory negligence, where death results. Lovering v. Clevelanad (City); 3 Abs. 607.

**Sec. 1465-76. LIABILITY BOARD.**

Not bound by common law or statutory rules of evidence; or by technical or formal rules of procedure; but may make such investigations as to ascertain substantial rights of parties. Lovering v. Cleveland (City); 3 Abs. 607.

**Sec. 1601. PROBATE COURT.**

Fees of judge, enumerated. In Re Costs; 3 Abs. 625.

**Sec. 2900. FEES.**

Of clerk of common pleas court enumerated. In Re Costs; 3 Abs. 625.

**Sec. 2977. FEES & SALARIES.**

Fees, costs, percentages, penalties, allowances and other perquisities collected as compensation for service by probate judge, shall be for sole use of treasury of county. In re Deputies Hire. 3 Abs. 640.

**Sec. 3415.**

If more than one-tenth of electors who vote in township file petition with trustees for proceedings to establish free public park for township, that fact shall be certified to common pleas court of county which court shall appoint board of park commissioners for such township. In Re Parks; 3 Abs. 624.

**Sec. 4213. SALARIES.**

Salary of officer, clerk or employe not to be increased or diminished during term for which elected or appointed, and all fees pertaining to any office to be turned into city treasury.

**Sec. 4270. MAYOR.**

Entitled to hold legal fees taxed in his favor in state cases. In ordinance cases fees must be paid into city treasury. Village council may authorize mayor or marshal to retain legal fees. Fee, In re; 3 Abs. 640.

**Sec. 7686. BOARD OF EDUCATION.**

Empowered to enforce rules and regulations to secure vaccination of and to prevent small pox among pupils. In Re Vaccination; 3 Abs. 624.

**Sec. 8121. BILLS & NOTES.**

Under this section, parol evidence is admissible to show that delivery of note was conditional and not to become effective until happening of certain event. Noll v. Peck v. Daley; 3 Abs. 623.

**Sec. 8157. HOLDER IN DUE COURSE.**

To defeat right of holder under this section, necessary to charge that he took note with notice of breach of warranty. Bartholomew v. Trust Co.; 3 Abs. 635.

**Sec. 9343. INVESTMENTS.**

Of capital of legal reserve life insurance company regulated. Must be in mortgages or unincumbered real estate worth double the amount loaned thereon. In Re Investments; 3 Abs. 625.

**Sec. 9510-4. JUDGMENT CREDITOR.**

May proceed against defendant and insurance company to reach and apply insurance money to satisfaction of judgment. "Insurance money" held to mean such money as was recoverable by insured against company. Stacey v. Casualty Co.; 3 Abs. 652.